# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CORINA SULY AMPUERO, | Case No. 2:21-cv-01165-GMN-DJA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| TOYOTA MOTOR CREDIT CORPORATION, et al., | |
| Defendants. | |

Pro se Plaintiff brings this case based on a dispute with Defendants Toyota Motor Credit Corporation, Zane Investigations and Manheim Nevada regarding the repossession and potential sale of her 2015 Toyota Prius.

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiff alleges that the Defendants repossessed her car unlawfully and in violation of a Bankruptcy Court Order from the Eastern District of California. The Prius allegedly was the subject of a stay from that Order precluding the sale of the vehicle. Plaintiff alleges the Prius was unlawfully repossessed from her by the Defendants and that the car is being auctioned off. She further alleges that when the Prius is resold at the auto auction the proceeds will be distributed to

the Defendants to the detriment of her bankruptcy creditors and herself.  The relief she requests is unclear, but she alleges she has had to make other transportation arrangements, her son has had to make accommodations to assist in her transportation to his financial detriment and the situation has been a huge burden on both of them.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted).  Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  28 U.S.C. § 1332(a).  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Diversity does not exist if any plaintiff shares the same citizenship as any defendant.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65 (1996).  Federal courts have the jurisdiction to determine their own jurisdiction.  *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004).  A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction.  *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff does not allege facts invoking the Court's jurisdiction.  Plaintiff alleges two bases for the Court's jurisdiction.  First, she argues the court has jurisdiction because the matter involves a federal question.  Plaintiff then cites her bankruptcy filing in the Eastern District of California and cites the bankruptcy statutes under which she filed as the federal question.  However, to the extent that would provide this Court jurisdiction, any issues raised in relation to the bankruptcy court order must be addressed in the bankruptcy court.  As such, this "federal question" would not provide this Court jurisdiction to hear this matter.

Second, Plaintiff argues that the Court has diversity jurisdiction over this matter, citing Defendant Toyota's principal place of business in Idaho as a basis for this jurisdiction.  However,

1 Plaintiff does not address the principal places of business for Zane Investigations or Manheim
2 Nevada, both of which appear to be Nevada-based businesses with Nevada addresses.  Because
3 Plaintiff also appears to be a Nevada resident, her shared residency with Zane and Manheim
4 destroys diversity.  Nor does Plaintiff state an amount in controversy in her complaint, and even
5 liberally construing her complaint, she does not allege facts that could reach the Federal Court
6 threshold for the amount in controversy.  Specifically, in her in Chapter 7 application in the
7 bankruptcy matter she lists the value of the Prius at just under $4,500.  (ECF No. 1-1 p.22).
8 Toyota lists the unpaid balance owing on the Prius as just over $16,700.  (ECF No. 1-1 p. 10).
9 Even construed liberally, the Court cannot conceive how this case could reach the $75,000
10 threshold necessary for the court's jurisdiction.  As the party seeking to invoke the court's
11 jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists.  *See Naffe v. Frey*, 789
12 F.3d 1030, 1040 (9th Cir. 2015).  As such, the complaint does not establish this Court's subject
13 matter jurisdiction or that this is the correct venue and it is clear that amendment cannot cure that
14 deficiency.  The Court therefore will recommend that this case be dismissed for lack of subject-
15 matter jurisdiction, with leave to amend.

### RECOMMENDATION

As the Court is lacking subject matter jurisdiction, the undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice and that her application to proceed *in forma pauperis* (ECF No. 1) be **DENIED** as moot.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being

///
///
///
///
///

served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 23, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE